AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

 Original  ☐ Duplica

CLERK'S OFFICE
A TRUE COPY
Dec 14, 2023
s/ Marliah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin



# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| (1) Location History data, sourced from information including GPS data and information about visible wi-fi points and Bluetooth beacons transmitted from devices to Google, reflecting devices that Google calculated were or could have been (as indicated by margin of error, i.e., "maps display radius") located within the geographical region bounded by the latitudinal and longitudinal coordinates, dates, and times below ("Initial Search Parameters"); (2) identifying information for Google Accounts associated with the responsive Location History data. | )<br>)<br>)<br>)<br>)<br>) |

Case No. 23-M-525 (SCD)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ Eastern _____ District of _____ Wisconsin _____
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____12-28-23_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Honorable Stephen C. Dries _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   12-14-23. 2:00 pm                              *Stephen C. Dries*
                                                                          *Judge's signature*

City and state:     Milwaukee, WI                    Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                              *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property To Be Searched

This warrant is directed to Google LLC and applies to:

(1) Location History data, sourced from information including GPS data and information about visible wi-fi points and Bluetooth beacons transmitted from devices to Google, reflecting devices that Google calculated were or could have been (as indicated by margin of error, *i.e.,* "maps display radius") located within the geographical region bounded by the latitudinal and longitudinal coordinates, dates, and times below ("Initial Search Parameters"); and

(2) identifying information for Google Accounts associated with the responsive Location History data.

### Initial Search Parameters

**Search Parameter 1**: Villard Shop-Rite 5123 W. Villard Ave. Milwaukee, WI

- Date: November 8, 2023

- 5:50 PM to 6:20 PM Central Time Zone

- Target Location:   Geographical area identified as:

  - Point 1: 43.11188, -87.97752
  - Point 2: 43.11188, -87.97651
  - Point 3: 43.11151, -87.97651
  - Point 4: 43.11154, -87.97753



**Search Parameter 2**:  2217 N 28th St. Milwaukee, WI

- Date: July 2, 2023

- 2:30 AM to 3:30 AM Central Time Zone

- Target Location:   Geographical area identified as:

    o      Point 1: 43.05976, -87.94928
    o      Point 2: 43.05976, -87.94865
    o      Point 3: 43.05964, -87.94866
    o      Point 4: 43.05964, -87.94928



**Search Parameter 3:** 6064 N 37th St., Milwaukee, WI

- Date: April 20, 2023

- 8:50 AM to 9:10 AM Central Time Zone

- Target Location:   Geographical area identified as:

  - Point 1: 43.12816, -87.95804
  - Point 2: 43.12816, -87.95774
  - Point 3: 43.12806, -87.95774
  - Point 4: 43.12806, -87.95802



**<u>Search Parameter 4</u>:** 3805 N 10th St, Milwaukee, WI

- Date: March 24, 2023

- 8:30 AM to 9:30 AM Central Time Zone

- Target Location:   Geographical area identified as:

    o   Point 1: 43.08684, -87.92360
    o   Point 2: 43.08684, -87.92332
    o   Point 3: 43.08652, -87.92334
    o   Point 4: 43.08652, -87.92361



**Search Parameter 5:** 3733 N 50th St, Milwaukee, WI

- Date: March 22, 2023

- 8:30 PM to 9:30 PM AM Central Time Zone

- Target Location:   Geographical area identified as:

  o    Point 1: 43.08524, -87.97659
  o    Point 2: 43.08525, -87.97636
  o    Point 3: 43.08492, -87.97635
  o    Point 4: 43.08492, -87.97661



**Search Parameter 6:** 2818 N 33rd St, Milwaukee, WI

- Date: March 7, 2023

- 4:51 PM to 5:11 PM Central Time Zone

- Target Location:  Geographical area identified as:

  - o    Point 1: 43.07015, -87.95585
  - o    Point 2: 43.07017, -87.95550
  - o    Point 3: 43.06968, -87.95554
  - o    Point 4: 43.06969, -87.95583



**Search Parameter 7:** 2955 N 23rd St, Milwaukee, WI

- Date: March 7, 2023

- 8:59 AM to 9:19 AM Central Time Zone

- Target Location:  Geographical area identified as:

  - o    Point 1: 43.07283, -87.94172

      ○      Point 2: 43.07282, -87.94125

      ○      Point 3: 43.07254, -87.94172

      ○      Point 4: 43.07252, -87.94126



**ATTACHMENT B**

**Particular Items to Be Seized**

I.      **Information to be disclosed by Google**

The information described in Attachment A, via the following process:

1.      Google shall query location history data based on the Initial Search Parameters specified in Attachment A.  For each location point recorded within the Initial Search Parameters, and for each location point recorded outside the Initial Search Parameters where the margin of error (*i.e.*, "maps display radius") would permit the device to be located within the Initial Search Parameters, Google shall produce to the government information specifying the corresponding unique device ID, timestamp, location coordinates, display radius, and data source, if available (the "Device List").

2.      The government shall review the Device List and identify to Google the devices about which it seeks to obtain Google account identifier and basic subscriber information.  Specifically, the government will review this list in order to identify device IDs that were present in multiple Target Locations, as well as device IDs that became present at a specific Target Location during a Target Time Period.  A "Target Time Period" is defined as a known time period that suspects were in a Target Location based on available video, witness, or other evidence.  The government will compare the device IDs reported at a Target Location during a Target Time Period to device IDs reported at the same Target Location before and after the Target Time Period.  Those device IDs that appear at the Target Location either before or after the Target Time Period will not be subject to further inquiry.  By contrast, device IDs that appear at the Target Location only during the Target Time Period, and not before or after, will be considered potential suspect device IDs.

3.      Google shall disclose to the government identifying information, as defined in 18 U.S.C. § 2703(c)(2), for the Google Accounts associated with each device ID appearing on the Device List about which the government inquires.

## II.      Information to Be Seized

All information described above in Section I that constitutes evidence of theft of firearms from a Federal Firearms Licensee (FFL), in violation of Title 18, United States Code, Sections 922(j), 922(u), 924(a)(2), 924(l), and 924(m).



CLERK'S OFFICE
A TRUE COPY
Dec 14, 2023
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

(1) Location History data, sourced from information including GPS data and information about visible wi-fi points and Bluetooth beacons transmitted from devices to Google, reflecting devices that Google calculated were or could have been (as indicated by margin of error, i.e., "maps display radius") located within the geographical region bounded by the latitudinal and longitudinal coordinates, dates, and times below ("Initial Search Parameters");
(2) identifying information for Google Accounts associated with the responsive Location History data.

)
)
)
)
)
)
)

Case No. 23-M-525 (SCD)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(k) | Possession of a Firearm with an Obliterated Serial Number |
| 18 U.S.C. § 922(o) | Possession of an Unregistered Machinegun |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

PAUL KOZELEK
Digitally signed by PAUL KOZELEK
Date: 2023.12.13 11:25:21 -06'00'

*Applicant's signature*

Paul G. Kozelek, Special Agent, ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means).*

Date: ___12-14-23___

*Judge's signature*

City and state: Milwaukee, WI

Honorable Stephen C. Dries, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Paul G. Kozelek being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a warrant to search information that is stored at premises controlled by Google, an electronic communication service and remote computing service provider headquartered in Mountain View, California.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a warrant under 18 U.S.C. § 2703(c)(1)(A) to require Google to disclose to the government the information further described in Attachment B.I.  The government will then review that information and seize the information that is further described in Attachment B.II.

2.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been employed in such capacity since January of 2020.  As an ATF Special Agent, I have completed training in cases related to the unlawful use of firearms, firearms trafficking, drug trafficking, arson, and explosives.

3.      Prior to my employment with ATF, I was a Sheriff's Deputy with the Jackson County Sheriff's Office in Black River Falls, WI. My duties included patrol, drafting and executing search warrants, and investigations related to state and county criminal violations.

4.      Before my tenure with the Jackson County Sheriff's Office, I served with the United State Marine Corps from 2004 until 2008, and United States Marine Corps Reserve from 2011 until 2014. I left the Marine Corps as an E6/Staff Sergeant holding the billet of Platoon Commander.

5.      I received my bachelor's degree in Criminal Justice Administration from Viterbo University in La Crosse, Wisconsin, in 2016.

6.      This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that on or about November 8, 2023, July 2, 2023, April 20, 2023, March 24, 2-023, March 22, 2023, March 7, 2023, and March 7, 2023, occurred violations by unknown subject(s) of Title 18 U.S.C. § 922(k) (Possession of a Firearm with an Obliterated Serial Number) and Title 18 U.S.C. § 922(o)(1) (Possess an Unregistered Machinegun). There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## JURISDICTION

8.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  Specifically, the Eastern District of Wisconsin is "a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

### November 8, 2023, Pursuit and Recovery of Firearm (Location 1)

9.      Your Affiant reviewed Milwaukee Police department (MPD) report #23-312-0132. Your Affiant is aware that on Wednesday, November 8th, 2023, at approximately 6:00 PM (CST), MPD Officers observed a grey in color Toyota Camry traveling westbound at the 4900 block of W. Villard Ave. in the City of Milwaukee in the Eastern District of WI. The vehicle was traveling in the bike lane at a high rate of speed. Officers attempted a traffic stop by activating their lights and as siren. The vehicle pulled into the Citgo Gas station at 4929 W. Villard Ave,

2

pulled past the gas pumps and sped off west bound at a high rate of speed. The vehicle struck another vehicle and continued to flee. The suspect vehicle became disabled from the damage and pulled into the Villard Shop-Rite located at 5123 W. Villard Ave (location 1). The driver exited the driver seat and fled on foot. The driver was not apprehended.

10.     Officers conducted a search of the vehicle and locate a Glock model 27 .40 Cal. pistol with an obliterated serial number. The firearm was fitted with a machine gun conversion device and was loaded with a 22 round magazine which contained 21 rounds of ammunition on the front passenger side floorboard of the vehicle.

11.     A machinegun conversion device is a device which converts a semi-automatic firearm into a fully automatic firearm (machinegun).

12.     The Firearm was submitted for entry into the National Integrated Ballistics Information Network (NIBIN). NIBIN is a system which compares markings left on expended ammunition casings which are unique to a specific firearm. The Glock pistol was test fired and casings submitted for analysis. The results showed the test fired casings matched casings recovered at a total of nine other shooting incidents within the City of Milwaukee going back to October of 2020. Following is a synopsis of those incidents which occurred in 2023. The remaining incidents either occurred outside the timeframe of available data, or there was not enough detail to determine a specific location.

**July 2, 2023, Shots Fired Complaint (Location 2)**

13.     Your Affiant reviewed MPD report # 23-183-0906. Your Affiant is aware that on July 2, 2023, MPD officers were dispatched to 2212 N 28th St. in the City of Milwaukee. This address had been struck by gunfire which had penetrated into the lower living areas of the house. The upper living area of the house was occupied.

14.    The area was searched and a total of seven casings were recovered from the front yard of 2217 N 28th St (location 2). A number of these casings matched the test fired casing described in paragraph 10.

**April 20, 2023, Shots Fired Complaint (Location 3)**

15.    Your Affiant reviewed MPD report #23-110-0123. Your Affiant is aware that on April 20, 2023, MPD officers were dispatched to 6064 N 37th St. in the City of Milwaukee. The resident stated he heard multiple gunshots and described them as automatic gunfire. Officers located 19 spent .40 caliber and one 9mm casing in the alley near 6064 N 37th St. (location 3). A number of these casings matched the test fired casing described in paragraph 10.

**March 24, 2023, Shooting Report (Location 4)**

16.    Your Affiant reviewed MPD report #23-083-0130. Your Affiant is aware that on March 24, 2023, MPD officers were dispatched to 1010 W. Abert St. in the City of Milwaukee for a shooting complaint.

17.    The victim was at the Aurora Emergency Room located at 945 N 12th St. where he was taken by family members. The victim stated he was driving his vehicle in the area of N 10th St. and Nash St. in the City of Milwaukee when a vehicle drove past and fired at his vehicle. The victim was struck in the chin and was transported to the hospital by family.

18.    Responding officers also located another victim at 3806 N 10th St. The victim was a child who was sitting in his living room and was struck by the gunfire. The child was transported by ambulance with non-fatal injury to the head.

19.    ShotSpotter recorded eight rounds fired at 9:12 PM in the area of 3785 N 11th St. Officers located nine 9mm and eight .40 caliber casings in the road in front of 3805 N 10th St (location 4). A number of these casings matched the test fired casing described in paragraph 10.

**ShotSpotter Report (Location 5)**

4

20.     Your Affiant reviewed MPD report #23-081-0150. Your Affiant is aware that on March 22, 2023, MPD officers were dispatched to 3733 N 50th St. in the City of Milwaukee for a ShotSpotter report (location 5).

21.     The ShotSpotter report indicated that a fully automatic firearm was discharged behind the above address. Officers located five spent .40 caliber casings in the alley behind the above address (location 5). There were no victims, witnesses or property damage located. A number of these casings matched the test fired casing described in paragraph 10.

**ShotSpotter Report (Location 6)**

22.     Your Affiant reviewed MPD report #23-066-0128. Your Affiant is aware that on March 7, 2023, MPD officers were dispatched to 2821 N 33rd St. in the City of Milwaukee for a ShotSpotter report.

23.     ShotSpotter reported that three gunshots were detected in the alley behind the above address. Officers located four .40 caliber casings. The closest address was 2818 N 33rd St (location 6). No witnesses, victims or property damage was located. A number of these casings matched the test fired casing described in paragraph 10.

**ShotSpotter Report (Location 7)**

24.     Your Affiant reviewed MPD report #23-066-0048. Your Affiant is aware that on March 7, 2023, MPD officers were dispatched to 2959 N 23rd St. in the City of Milwaukee for a ShotSpotter report. ShotSpotter reported automatic gunfire of 10 rounds.

25.     Officers located 12 casings behind 2955 N 23rd St (location 7). These were found just outside the rear door of the residence. A number of these casings matched the test fired casing described in paragraph 10.

26.     I believe that information stored at Google may assist in identifying other suspects involved in the above described incidents. I know Google is a company that, among other things,

5

offers an operating system for mobile devices, including cellular phones, known as Android. Nearly every cellular phone using the Android operating system has an associated Google account, and users are prompted to add a Google account when they first turn on a new Android device. Accessing the information stored at Google related to active cellphones that were in close proximity to locations 1 through 7, will assist law enforcement in developing the suspects.

**BACKGROUND RELATING TO GOOGLE AND RELEVANT TECHNOLOGY**

27.     Based on my training and experience, I know that cellular devices, such as mobile telephone(s), are wireless devices that enable their users to send or receive wire and/or electronic communications using the networks provided by cellular service providers.  Using cellular networks, users of many cellular devices can send and receive communications over the Internet.

28.     I also know that many devices, including but not limited to cellular devices, have the ability to connect to wireless Internet ("wi-fi") access points if the user enables wi-fi connectivity.  These devices can, in such cases, enable their users to send or receive wire and/or electronic communications via the wi-fi network.  A tablet such as an iPad is an example of a device that may not have cellular service but that could connect to the Internet via wi-fi.  Wi-fi access points, such as those created through the use of a router and offered in places like homes, hotels, airports, and coffee shops, are identified by a service set identifier ("SSID") that functions as the name of the wi-fi network.  In general, devices with wi-fi capability routinely scan their environment to determine what wi-fi access points are within range and will display the names of networks within range under the device's wi-fi settings.

29.     Based on my training and experience, I also know that many devices, including many cellular and mobile devices, feature Bluetooth functionality.  Bluetooth allows for short-range wireless connections between devices, such as between a device such as a cellular phone

6

or tablet and Bluetooth-enabled headphones. Bluetooth uses radio waves to allow the devices to exchange information. When Bluetooth is enabled, a device routinely scans its environment to identify Bluetooth devices, which emit beacons that can be detected by devices within the Bluetooth device's transmission range, to which it might connect.

30.     Based on my training and experience, I also know that many cellular devices, such as mobile telephones, include global positioning system ("GPS") technology. Using this technology, the device can determine its precise geographical coordinates. If permitted by the user, this information is often used by apps installed on a device as part of the apps' operation.

31.     Based on my training and experience, I know Google is a company that, among other things, offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Nearly every device using the Android operating system has an associated Google account, and users are prompted to add a Google account when they first turn on a new Android device.

32.     In addition, based on my training and experience, I know that Google offers numerous apps and online-based services, including messaging and calling (*e.g.,* Gmail, Hangouts, Duo, Voice), navigation (Maps), search engine (Google Search), and file creation, storage, and sharing (*e.g.*, Drive, Keep, Photos, and YouTube). Many of these services are accessible only to users who have signed in to their Google accounts. An individual can obtain a Google account by registering with Google, and the account identifier typically is in the form of a Gmail address (*e.g.*, example@gmail.com). Other services, such as Maps and YouTube, can be used with limited functionality without the user being signed in to a Google account.

33.     Based on my training and experience, I also know Google offers an Internet browser known as Chrome that can be used on both computers and mobile devices. A user has

7

the ability to sign-in to a Google account while using Chrome, which allows the user's bookmarks, browsing history, and other settings to be uploaded to Google and then synced across the various devices on which the subscriber may use the Chrome browsing software, although Chrome can also be used without signing into a Google account. Chrome is not limited to mobile devices running the Android operating system and can also be installed and used on Apple devices and Windows computers, among others.

34.    Based on my training and experience, I know that, in the context of mobile devices, Google's cloud-based services can be accessed either via the device's Internet browser or via apps offered by Google that have been downloaded onto the device. Google apps exist for, and can be downloaded to, devices that do not run the Android operating system, such as Apple devices.

35.    According to my training and experience, as well as open-source materials published by Google, I know that Google offers accountholders a service called "Location History," which authorizes Google, when certain prerequisites are satisfied, to collect and retain a record of the locations where Google calculated a device to be based on information transmitted to Google by the device. That Location History is stored on Google servers, and it is associated with the Google account that is associated with the device. Each accountholder may view their Location History and may delete all or part of it at any time.

36.    Based on my training and experience, I know that the location information collected by Google and stored within an account's Location History is derived from sources including GPS data and information about the wi-fi access points and Bluetooth beacons within range of the device. Google uses this information to calculate the device's estimated latitude and longitude, which varies in its accuracy depending on the source of the data. Google records the

8

margin of error for its calculation as to the location of a device as a meter radius, referred to by Google as a "maps display radius," for each latitude and longitude point.

37.    Based on open-source materials published by Google and my training and experience, I know that Location History is not turned on by default.  A Google accountholder must opt-in to Location History and must enable location reporting with respect to each specific device and application on which they use their Google account in order for that usage to be recorded in Location History.  A Google accountholder can also prevent additional Location History records from being created at any time by turning off the Location History setting for their Google account or by disabling location reporting for a particular device or Google application.  When Location History is enabled, however, Google collects and retains location data for each device with Location Services enabled, associates it with the relevant Google account, and then uses this information for various purposes, including to tailor search results based on the user's location, to determine the user's location when Google Maps is used, and to provide location-based advertising.  As noted above, the Google accountholder also has the ability to view and, if desired, delete some or all Location History entries at any time by logging into their Google account or by enabling auto-deletion of their Location History records older than a set number of months.

38.    Location data, such as the location data in the possession of Google in the form of its users' Location Histories, can assist in a criminal investigation in various ways.  As relevant here, I know based on my training and experience that Google has the ability to determine, based on location data collected and retained via the use of Google products as described above, devices that were likely in a particular geographic area during a particular time frame and to determine which Google account(s) those devices are associated with.  Among other things, this

9

information can indicate that a Google accountholder was near a given location at a time relevant to the criminal investigation by showing that his/her device reported being there.

39.     Based on my training and experience, I know that when individuals register with Google for an account, Google asks subscribers to provide certain personal identifying information.  Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.  Based on my training and my experience, I know that even if subscribers insert false information to conceal their identity, this information often provide clues to their identity, location, or illicit activities.

40.     Based on my training and experience, I also know that Google typically retains and can provide certain transactional information about the creation and use of each account on its system. This information can include the date on which the account was created, the length of service, records of login (*i.e.,* session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account.  In addition, Google often has records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account.  Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

41.     Based on my training and experience, I know that people who commit crimes

often use their cell phones in ways that reveal their location and/or activities before, after, or while engaging in criminal activity. For example, this may include location information (*e.g.*, GPS data), app usage information (*e.g.*, Internet search inquiries), and images or video recordings relevant to the criminal activity. Furthermore, I know from training and experience that call logs, text messages, emails, and any app enabling communication with others often include communications that shed light on the cellphone user's location and activity during a particular time period.

42.     Based on the foregoing, I submit that there is probable cause to search information that is currently in the possession of Google and that relates to the devices that reported being within the Target Location described in Attachment A during the time period described in Attachment A for evidence of the crime(s) under investigation. The information to be searched includes (1) identifiers of each device; (2) the location(s) reported by each device to Google and the associated timestamp; and (3) basic subscriber information for the Google account(s) associated with each device.

43.     In order to facilitate the manageable disclosure of and search of this information, the proposed warrant contemplates that Google will disclose the information to the government in stages rather than disclose all of the information for which the government has established probable cause to search at once. Specifically, as described in Attachment B.I:

>   a.   Google will be required to disclose to the government an anonymized list of devices that specifies information including the corresponding unique device ID, timestamp, coordinates, and data source, if available, of the devices that reported their location within the Target Location described in Attachment A during the time period described in Attachment A.

b. The government will then review this list in order to prioritize the devices about which it wishes to obtain associated information.

c. Google will then be required to disclose to the government the information identifying the Google account(s) for those devices about which the government further inquires.

44.     This process furthers efficiency and privacy by allowing for the possibility that the government, upon reviewing contextual information for all devices identified by Google, may be able to determine that one or more devices associated with a Google account (and the associated basic subscriber information) are likely to be of heightened evidentiary value and warrant further investigation before the records of other accounts in use in the area are disclosed to the government.

## CONCLUSION

45.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c). I further request that the Court direct Google to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.  Because the warrant will be served on Google, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## ATTACHMENT A

### Property To Be Searched

This warrant is directed to Google LLC and applies to:

(1) Location History data, sourced from information including GPS data and information about visible wi-fi points and Bluetooth beacons transmitted from devices to Google, reflecting devices that Google calculated were or could have been (as indicated by margin of error, *i.e., "*maps display radius") located within the geographical region bounded by the latitudinal and longitudinal coordinates, dates, and times below ("Initial Search Parameters"); and

(2) identifying information for Google Accounts associated with the responsive Location History data.

### Initial Search Parameters

**Search Parameter 1**: Villard Shop-Rite 5123 W. Villard Ave. Milwaukee, WI

- Date: November 8, 2023

- 5:50 PM to 6:20 PM Central Time Zone

- Target Location:   Geographical area identified as:

  o   Point 1: 43.11188, -87.97752
  o   Point 2: 43.11188, -87.97651
  o   Point 3: 43.11151, -87.97651
  o   Point 4: 43.11154, -87.97753



**Search Parameter 2**:  2217 N 28th St. Milwaukee, WI

- Date: July 2, 2023

- 2:30 AM to 3:30 AM Central Time Zone

- Target Location:   Geographical area identified as:

  - Point 1: 43.05976, -87.94928
  - Point 2: 43.05976, -87.94865
  - Point 3: 43.05964, -87.94866
  - Point 4: 43.05964, -87.94928



**Search Parameter 3:** 6064 N 37th St., Milwaukee, WI

- Date: April 20, 2023

- 8:50 AM to 9:10 AM Central Time Zone

- Target Location:   Geographical area identified as:

    o      Point 1: 43.12816, -87.95804
    o      Point 2: 43.12816, -87.95774
    o      Point 3: 43.12806, -87.95774
    o      Point 4: 43.12806, -87.95802



**Search Parameter 4:** 3805 N 10th St, Milwaukee, WI

- Date: March 24, 2023

- 8:30 AM to 9:30 AM Central Time Zone

- Target Location:  Geographical area identified as:

  o    Point 1: 43.08684, -87.92360
  o    Point 2: 43.08684, -87.92332
  o    Point 3: 43.08652, -87.92334
  o    Point 4: 43.08652, -87.92361



**Search Parameter 5:** 3733 N 50th St, Milwaukee, WI

- Date: March 22, 2023

- 8:30 PM to 9:30 PM AM Central Time Zone

- Target Location:   Geographical area identified as:

  o      Point 1: 43.08524, -87.97659
  o      Point 2: 43.08525, -87.97636
  o      Point 3: 43.08492, -87.97635
  o      Point 4: 43.08492, -87.97661



**Search Parameter 6:** 2818 N 33rd St, Milwaukee, WI

- Date: March 7, 2023

- 4:51 PM to 5:11 PM Central Time Zone

- Target Location:   Geographical area identified as:

  - Point 1: 43.07015, -87.95585
  - Point 2: 43.07017, -87.95550
  - Point 3: 43.06968, -87.95554
  - Point 4: 43.06969, -87.95583



**Search Parameter 7:** 2955 N 23rd St, Milwaukee, WI

- Date: March 7, 2023

- 8:59 AM to 9:19 AM Central Time Zone

- Target Location:   Geographical area identified as:

  - Point 1: 43.07283, -87.94172

- Point 2: 43.07282, -87.94125
- Point 3: 43.07254, -87.94172
- Point 4: 43.07252, -87.94126



## ATTACHMENT B

## Particular Items to Be Seized

### I.       Information to be disclosed by Google

The information described in Attachment A, via the following process:

1.       Google shall query location history data based on the Initial Search Parameters specified in Attachment A.  For each location point recorded within the Initial Search Parameters, and for each location point recorded outside the Initial Search Parameters where the margin of error (*i.e.*, "maps display radius") would permit the device to be located within the Initial Search Parameters, Google shall produce to the government information specifying the corresponding unique device ID, timestamp, location coordinates, display radius, and data source, if available (the "Device List").

2.       The government shall review the Device List and identify to Google the devices about which it seeks to obtain Google account identifier and basic subscriber information.  Specifically, the government will review this list in order to identify device IDs that were present in multiple Target Locations, as well as device IDs that became present at a specific Target Location during a Target Time Period.  A "Target Time Period" is defined as a known time period that suspects were in a Target Location based on available video, witness, or other evidence.  The government will compare the device IDs reported at a Target Location during a Target Time Period to device IDs reported at the same Target Location before and after the Target Time Period.  Those device IDs that appear at the Target Location either before or after the Target Time Period will not be subject to further inquiry.  By contrast, device IDs that appear at the Target Location only during the Target Time Period, and not before or after, will be considered potential suspect device IDs.

3. Google shall disclose to the government identifying information, as defined in 18 U.S.C. § 2703(c)(2), for the Google Accounts associated with each device ID appearing on the Device List about which the government inquires.

## II. Information to Be Seized

All information described above in Section I that constitutes evidence of theft of firearms from a Federal Firearms Licensee (FFL), in violation of Title 18, United States Code, Sections 922(j), 922(u), 924(a)(2), 924(l), and 924(m).